# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| CHELSEY BOONE,<br><br>                                    PLAINTIFF,<br><br>v.<br><br>COLUMBIA DEBT RECOVERY, LLC, a<br>Washington limited liability company, and<br>AMERICAN PROPERTY MGMT., INC., a<br>Washington profit corporation,<br><br>                                    DEFENDANTS. | **Case No.**<br><br>**COMPLAINT** |

COMES NOW the Plaintiff, Chelsey Boone, by and through their attorney, Alyssa P. Au and Northwest Consumer Law Center, and brings this action against Columbia Debt Recovery, LLC ("CDR") for violations of the Fair Debt Collections Practices Act ("FDCPA") and the Washington Collection Agency Act ("WCAA"). Plaintiff brings this action against CDR and American Property Mgmt., Inc. ("APM") for violations of the Washington Consumer Protection Act ("WCPA").



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711

## I.      PARTIES

1.1      Plaintiff Chelsey Boone ("Ms. Boone") is an individual residing in Pierce County, Washington.  Ms. Boone is considered a "person" as defined by the WCPA and acted as such at all times relevant to this Complaint.

1.2      Defendant CDR is a Washington profit corporation that is engaged in the business of debt collection. According to the Washington State Department of Revenue, CDR's principal place of business is in Everett, Snohomish County, Washington. CDR is a "person" as defined by the WCPA and acted as such at all times relevant to this Complaint.

1.3      Defendant APM is a Washington profit corporation that is engaged in the business of property management. Woodland Apartments is owned and operated by APM. According to the Washington State Department of Revenue, APM's principal place of business is in Bellevue, King County, Washington. APM is a "person" as defined by the WCPA and acted as such at all times relevant to this Complaint. Upon information and belief, APM is the owner and operator of the Woodland Apartments in Olympia, WA.

## II.      JURISDICTION AND VENUE

2.1      Jurisdiction and venue in King County Superior Court is appropriate where some part of the acts at issue occurred in King County (RCW 4.12.020), and where defendants CDR and APM transacted business in King County (RCW 4.12.025).

## III.      STATEMENT OF FACTS

3.1      On or about December 12, 2016, Ms. Boone was provided a tour of the Woodland Apartments ("Woodland") in Olympia. When Ms. Boone decided that the apartment suited her needs and she agreed to become a tenant, Woodland did not conduct a physical inspection with Ms. Boone reviewing the condition of the apartment. Ms. Boone did not complete or sign a move-



in checklist documenting the condition of the apartment prior to her becoming a tenant of Woodland.

3.2     On or about December 15, 2016, Ms. Boone, her partner, and her two young children moved into a Woodland apartment. The monthly rent was $1,195.00. The term of the lease was from December 15, 2016 until November, 30, 2017.

3.3     While she lived at the apartment, Ms. Boone was a victim of domestic violence by her partner, who lived with her at the time. The domestic violence had been ongoing since she moved into the apartment and continued until she decided to move out of the apartment. Her partner choked her, grabbed her by her hair and clothes, and engaged in infidelity when he brought other women to the apartment. The children were never harmed, but Ms. Boone consistently suffered from her partner's violence and was fearful that it might escalate and involve the children in the future.

3.4     After a particularly violent incident in June 2017, Ms. Boone decided she had enough and wanted to move out of the apartment, fearful of her family's safety. Her partner punched holes in the television, broke the coffee table, and pulled her pictures off the walls, broke the frames, and tore the pictures apart. About 2-3 days later, Ms. Boone went into the Woodland rental office and explained her domestic violence situation to the Woodland employee. Ms. Boone told Woodland that she could not afford rent on her own and asked if she was able to get out of the lease before the term was up to find a safer place to live.

3.5     Ms. Boone and the landlord came to an oral agreement. Woodland said it was okay if she moved out early, so long as she paid the last month's rent, cleaned out the apartment, and left the keys in the unit. Woodland said they understood her domestic violence situation and that she needed to protect her children. Ms. Boone understood that if she complied with the terms of

NWCLC Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711

the agreement, she would be removed from the lease and could move out of the apartment on good terms with Woodland.

3.6     On June 14, 2017, Ms. Boone and her children moved out of Woodland.

3.7     Because Ms. Boone believed she had moved out of Woodland on good terms, she was surprised when she began receiving emails and phone calls from Woodland after she had moved out. Because she believed Woodland was mistaken, she did not engage in negotiations with Woodland at that time. In the fall of 2018, Ms. Boone was told that she owed $3,000.00. Shocked at the large debt amount, Ms. Boone decided to check Credit Karma, a credit reporting site, which showed a debt of $6,463.00 owed to Genesis Credit Management LLC ("Genesis"), opened on October 26, 2017.

3.8     After discovering the debt had been sold to Genesis, Ms. Boone began to speak with Ms. Stephanie, a Genesis employee who called her monthly attempting to collect on the debt. Ms. Boone believed she was working with Ms. Stephanie on payment terms to get the debt sorted out, however, she was frustrated by how the amount of the debt changed constantly. Ms. Boone believed that each time she spoke with Ms. Stephanie, the amount of the debt changed.

3.9     The negative tradeline listed on Ms. Boone's credit report associated with the Woodland/Genesis debt caused significant difficulty for Ms. Boone to find housing for herself and for her children. Even though Ms. Boone had the means to afford rent and sought housing, she was rejected because the tradeline made her seem like an untrustworthy tenant. Ms. Boone was forced to live with other people, including friends and family, and had to move every few months. Ms. Boone and her children had lived with her mother, sister, a friend, and had stayed in a tent, a garage, a car, and in a shelter during this time period. This caused instability in her



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711

children's lives, which contributed to Ms. Boone's emotional distress. Her son had never stayed an entire year with the same daycare or kindergarten because they were constantly moving.

3.10    Ms. Boone finally decided to seek legal assistance on or about October 30, 2020. NWCLC began providing legal advice to Ms. Boone around this time and advised her to request a debt validation letter from Genesis. On or about December 16, 2020, Ms. Boone mailed via Certified Mail a debt validation letter requesting all documents related to the account from Genesis. She mailed this letter to the address listed on her Credit Karma report.

3.11    Ms. Boone did not receive a timely response from Genesis.

3.12    On January 23, 2021, Ms. Boone called Genesis and asked if they had received her letter. The Genesis representative named Stephanie confirmed that they received the letter on December 23, 2020 and had mailed out a response on December 30, 2020. It was discovered at this time that Genesis mailed the documents to the wrong address. Ms. Boone provided her current mailing address and Stephanie agreed to re-send the documents on January 25th.

3.13    Ms. Boone did not receive a timely response from Genesis.

3.14    On February 8, 2021, Ms. Boone called Genesis asking about the status of the letter. Stephanie claimed that they had not sent the documents yet. Ms. Boone asked that Stephanie please send the documents to her via mail or by email.

3.15    Genesis finally emailed Ms. Boone the Final Account Statement from Woodland Apartments later that same day.

3.16    This was the first time Ms. Boone had ever seen the Final Account Statement from Woodland. The balances listed on the Final Account Statement are as follows:

3.16.1   Attorney or legal charges, late charges, rent, and utility charges totaling to $3,265.00.



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711

3.16.2  Total deposits on hand totaling to $800.00.

3.16.3  Additional charges including: apartment cleaning, replacement of cabinet doors, window screens, light bulbs, stove pans, dryer door, electrical outlet cover, microwave door, patio blind, and smoke detector batteries, new paint in the apartment, hole repair, concession payback, and re-marketing fee, totaling to: $2,406.15.

3.16.4  Total account balance due: $4,871.15

3.17   The Final Account Statement listed the move-out reason as "Skipped during eviction process."

3.18   NWCLC decided to offer their legal representation to Ms. Boone shortly after receiving the Final Account Statement to assist her with disputing the debt.

3.19   As of the date of this filling, the owner of the debt has been changed to Columbia Debt Recovery ("CDR").

3.20   Ms. Boone is still unable to find her own housing due to the negative tradeline. She and her family has been staying with her sister and their family since February of this year.

## IV.   FIRST CAUSE OF ACTION
## CDR'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

4.1   Ms. Boone realleges and incorporates the allegations above herein by reference.

4.2   Congress enacted the FDCPA in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1024 (9th Cir. 1988).



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711

4.3     Under the FDCPA, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. This includes the following:

4.3.1     "The false representation of the character, amount, or legal status of any debt…" *Id.* at 1692e(2)(A);

4.3.2     "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." *Id.* at 1692e(8);

4.3.3     "The use of any false representation or deceptive means to collect or attempt to collect any debt…" *Id.* at 1692e(10).

4.4     The FDCPA broadly prohibits unfair practices by debt collectors: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. 1692f. This includes "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* at 1692f(1).

4.5     The FDCPA requires a debt collector, who within 5 days after initial communication with the consumer, to provide a written notice containing: the amount of the debt, the name of the creditor wo whom the debt is owed, the right to dispute within 30 days, the right to have the verification mailed to the consumer, and that the debt collector will provide the name and address of the original creditor if different from the current creditor. The debt collector must also cease collection efforts until the debt is validated. 15 U.S.C. 1692(g).

4.6     CDR is a "debt collector" under the FDCPA and was acting as an agent of APM in its collection efforts against Ms. Boone.

COMPLAINT - 7



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711

4.7     CDR sought the collection of the alleged APM debt by the following methods:

        4.7.1   CDR reported as a tradeline on Ms. Boone's credit reports that she allegedly owed $6,463.00. The original creditor is listed as Woodland Apartments.

4.8     CDR's attempt to collect an amount higher than the original alleged debt of $4,871.15, is unfair and deceptive.

4.9     Upon information and belief, CDR knew, or should have known, that there were irregularities with the alleged debt owed because CDR had possession of documents showing Ms. Boone was being charged for fees that were not authorized by the lease agreement.

4.10    Upon information and belief, CDR is attempting to collect a principal amount that includes costs and fees that were not authorized under the lease agreement between Ms. Boone and Woodland Apartments, and therefore violated the FDCPA by attempting to collect an amount not expressly authorized by the agreement creating the debt or as permitted by law.

4.11    Furthermore, because CDR intentionally attempted to collect a debt, without verifying if the alleged debt was legally owed and in an effort to collect more than is legally owed to the creditor, they violated the FDCPA by attempting to collect on a debt by misrepresenting the amount of the debt.

4.12    The above-described collection conduct by CDR, in its efforts to collect this alleged debt from Ms. Boone, were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

4.13    On or about December 16, 2020, Ms. Boone mailed via Certified Mail a debt validation letter requesting all documents related to the account from Genesis Credit Management ("Genesis"), who at the time was listed as the debt collector for the Woodland Apartment debt.

NWCLC Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711

4.14    Ms. Boone did not receive a timely response from Genesis.

4.15    On January 23, 2021, Ms. Boone called Genesis and asked if they had received her letter. The Genesis representative named Stephanie confirmed that they received the letter on December 23, 2020 and had mailed out a response on December 30, 2020. It was discovered at this time that Genesis mailed the documents to the wrong address. Ms. Boone provided her current mailing address and Stephanie agreed to re-send the documents there on January 25th.

4.16    Ms. Boone did not receive a timely response from Genesis.

4.17    On February 8, 2021, Ms. Boone called Genesis asking about the status of the letter. Stephanie claimed that they had not sent the documents yet. Ms. Boone asked that Stephanie please send the documents to her via mail or by email.

4.18    Genesis finally emailed Ms. Boone the Final Account Statement from Woodland Apartments later that same day.

4.19    CDR/Genesis violated the FDCPA by failing to provide the required notices under §1692(g) to Ms. Boone within five days after her initial communication with them on December 23, 2020. Ms. Boone communicated with CDR/Genesis again on January 23, 2021 and CDR/Genesis failed again to timely respond to Ms. Boone's request for debt validation documents.

4.20    When CDR/Genesis finally sent Ms. Boone the documents, it lacked the following required notices: right to dispute within 30 days (§1692(g)(a)(1)); right to have verification mailed to consumer (§1692(g)(a)(4)); and that CDR/Genesis would provide the name and address of the original creditor if different from the current creditor (§1692(g)(a)(5)).

4.21    Furthermore, CDR/Genesis failed to cease collection efforts while the debt was being validated, as required by the FDCPA. *See* §1692(g)(b).

COMPLAINT - 9



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711

4.22     These collection actions taken by CDR, and the collection employees employed by CDR, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

4.23     These violations by CDR were knowing, willful, negligent and/or intentional, and Genesis did not maintain procedures reasonably adapted to avoid any such violations.

4.24     CDR's collection efforts, with respect to this alleged debt, caused Ms. Boone to suffer concrete and particularized harm because the FDCPA provides Ms. Boone with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

4.25     CDR's deceptive, misleading, and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Ms. Boone's ability to intelligently respond to CDR's collection efforts.

4.26     As a result of CDR's violations of the FDCPA, Ms. Boone is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### V.     SECOND CAUSE OF ACTION
### CDR'S VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

5.1     Ms. Boone realleges and incorporates the allegations above herein by reference.

5.2     It is a prohibited practice under the WCAA to "Collect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs." RCW 19.16.250 (21).

COMPLAINT - 10



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711

5.3     Violations of the WCAA are *per se* violations of the WCPA: "[T]he commission by a licensee…of an act or practice prohibited by RCW 19.16.250…are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the consumer protection act found in chapter 19.86 RCW".

5.4     If an act or practice in violation of 19.16.250 is committed by a licensee, they may not recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor. *See* RCW 19.16.450.

5.5     Genesis is a "licensee" as defined by WCAA. *See* RCW 19.16.100 (10).

5.6     Genesis sought the collection of the alleged Woodland Apartment debt by the following methods:

        5.6.1   Genesis reported as a tradeline on Ms. Boone's credit reports that she allegedly owed $6,463.00 to Woodland Apartments.

5.7     Genesis's attempt to collect an amounts higher than the original alleged debt $4,871.15) is unfair and deceptive.

5.8     Upon information and belief, Genesis is attempting to collect a principal amount that includes costs and fees that were not authorized in the lease agreement between Ms. Boone and Woodland Apartments.

5.9     Upon information and belief, Genesis is attempting to collect, in addition to the principal amount of the alleged claim, a sum other than allowable interest, and collection costs or handling fees expressly authorized by statute.

5.10    Genesis's actions are a direct and proximate cause of Ms. Boone's damages.

NWCLC Northwest Consumer Law Center

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711

5.11    As a result of Genesis's violations of the WCAA, Ms. Boone is entitled to actual damages in an amount to be proven at trial, including but not limited to difficulty in finding housing, costs of investigation, and costs to bring this lawsuit.

5.12    As a result of Genesis's violations of the WCAA, they may not recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor.

## VI.    THIRD CAUSE OF ACTION
## CDR AND APM'S VIOLATIONS OF THE WASHINGTION CONSUMER PROTECTION ACT

6.1    Ms. Boone realleges and incorporates the allegations above herein by reference.

6.2    Under the WCPA, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

6.3    Geneis's conduct occurred within its "trade" and "commerce" within the meaning of the WCPA, RCW 19.86.010(2), because Genesis is engaged in the business of debt collection, and engaged in unfair and deceptive acts in the course of conducting the business of debt collection.

6.4    Where Genesis's collection attempts are deemed unfair and deceptive acts or practices in violation of the FDCPA and the WCAA, Genesis's actions are also unfair and deceptive acts in violation of the WCPA.

6.5    Genesis's unfair and deceptive acts affect the public interest because it has the capacity to injure the public, as Genesis implements similar practices against alleged debtors in Washington State. Upon information and belief, Genesis has filed hundreds of Complaints against alleged debtors for amounts not legally owed.

COMPLAINT - 12



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711

6.6     APM's conduct occurred within its "trade" and "commerce" within the meaning of the WCPA, RCW 19.86.010(2), because APM is engaged in the business of renting property, and engaged in unfair and deceptive acts in the course of conducting the business of renting property.

6.7     APM's unfair and deceptive acts affect the public interest because it has the capacity to injure the public. Upon information and belief, APM is the owner of many rental properties, including but not limited to Woodland, that rents to Washington State residents. Upon information and belief, it is a pattern and practice of APM to charge amounts inconsistent with the rental lease, and/or in excess of what is reasonable wear and tear, to former tenants such as Ms. Boone.

6.8     As a direct and proximate result of Genesis and APM's unfair and deceptive acts or practices, Ms. Boone sustained damages including but not limited to difficulty in finding housing, costs of investigation, and costs to bring this lawsuit.

6.9     Ms. Boone is therefore entitled to an order enjoining the conduct complained of herein; actual damages; treble damages pursuant to RCW 19.86.090; costs of suit, including reasonable attorney's fee; and such further relief as the Court may deem proper.

## VII.   PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, Defendant prays for the following relief:

1.     Actual damages in an amount to be proven at trial;

2.     Statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.     Treble damages pursuant to RCW 19.86.090;



936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711

4.      For costs and disbursements herein, including reasonable attorney's fees pursuant to RCW 19.86.090, 15 U.S.C. §1692k, and RCW 59.18.280 (2);

5.      For such other relief as the court deems just and equitable.

Dated this 12th day of May, 2021.

/s/ Alyssa P. Au

Alyssa P. Au, WSBA #52594
Attorney for Plaintiff Chelsey Boone

COMPLAINT - 14

936 N. 34th St. Ste. 300
Seattle, WA 98103
Tele: 206-805-0989
Fax: 206-805-1711